**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| FOREST COUNTY POTAWATOMI COMMUNITY, |
|      Plaintiff, |
| |
|     v. |
| |
| UNITED STATES, *et al.*, |
|      Defendants. |

Civil Action No. 15-105 (CKK)

**MEMORANDUM OPINION**
(March 14, 2016)

Plaintiff Forest County Potawatomi Community ("FCPC" or "Tribe") brought this action under the APA against Defendants United States of America, United States Department of the Interior, Secretary of the Interior Sally Jewell, and Assistant Secretary of Indian Affairs Kevin Washburn (collectively referred to as "Defendants"), challenging Defendants' decision to disapprove an amendment to a gaming compact between FCPC and the State of Wisconsin under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701 *et. seq,* ("IGRA").

Presently before the Court is Defendants' [19] Motion to Transfer Venue to the United States District Court for the Eastern District of Wisconsin. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds that Defendants have not met their burden of showing that convenience and the interests of justice weigh in favor of a transfer to that district. Accordingly, Defendant's Motion to Transfer Venue is DENIED.

---

[1] Defendants' Motion to Transfer Venue ("Def.'s Mot."), ECF No. [19]; Plaintiff's Opposition to Defendant's Motion (Pl.'s Opp'n), ECF No. [20], and Defendants' Reply in Support of their motion ("Def.'s Reply), ECF No. [21].

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

## I. BACKGROUND

Plaintiff FCPC, a federally-recognized Indian Tribe, filed suit on January 21, 2015, seeking redress for Defendants' disapproval of an amendment to a gaming compact between FCPC and the State of Wisconsin (the "2014 Compact Amendment").  Compl. ¶ 1.  FCPC alleges that Defendants erred by interpreting the 2014 Compact Amendment as obligating the Menominee Indian Tribe of Wisconsin (the "Menominee") to compensate FCPC for lost revenue resulting from a Menominee off-reservation casino in Kenosha, Wisconsin.  *Id.* ¶ 4.  FCPC believes that in disapproving of the 2014 Compact Agreement, Defendants acted contrary to law, in an arbitrary and capricious manner and abused their discretion, if any, in violation of the IGRA and the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq. ("APA").

On May 21, 2015, Defendants filed a Motion to Transfer Venue in this case to the United States District Court for the Eastern District of Wisconsin.  On June 4, 2015, Plaintiff filed its opposition, and on June 11, 2015, Defendants filed their reply.  Accordingly, Defendants' motion is ripe for the Court's review.[2]

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  Determining whether transfer is appropriate pursuant to 28 U.S.C. § 1404(a) calls for a two-part inquiry.  The Court must first ask whether the transferee forum is one where the action

---

[2]  Approximately three months after the parties finished briefing the instant Motion to Transfer Venue, Menominee and the Menominee Kenosha Gaming Authority filed a Motion to Intervene as defendants in this matter.  *See* ECF No. [22].  The Court has not yet ruled on the Motion to Intervene.  However, the Court notes that Menominee and the Menominee Kenosha Gaming Authority state in their Motion to Intervene that they do not, and will not, take any position with regard to Defendants' Motion to Transfer.  *See id.* at 16.

"might have been brought" originally.  *Id.*  Second, the Court must consider whether private and public interest factors weigh in favor of transfer.  *Lentz v. Eli Lilly & Co.,* 464 F. Supp. 2d 35, 37 (D.D.C. 2006).  In considering whether a transfer would be proper, the Court may consider the following "private interest" factors:

> (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.

*Greater Yellowstone Coalition v. Bosworth,* 180 F. Supp. 2d 124, 127 (D.D.C. 2001).  The Court must also weigh public interest considerations such as (1) the transferee court's familiarity with the governing laws and the pendency of related actions in the transferee's forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.  *Id.* at 128.

Section 1404(a) vests discretion in the district court to conduct an "individualized, case-by-case" analysis.  *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988).  The "plaintiff's choice of forum is ordinarily entitled to deference."  *Nat'l Ass'n of Home Builders v. U.S. Envt'l Prot. Agency,* 675 F. Supp. 2d 173, 179 (D.D.C. 2009) (citation omitted).  However, that choice is conferred less deference by the court when a plaintiff's choice of forum is not the plaintiff's home forum.  *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255-56 (1981).  The moving party bears the burden of establishing that convenience and the interests of justice weigh in favor of a transfer to that district.  *See Int'l Bhd. of Painters & Allied Trades Union v. Best Painting and Sandblasting Co., Inc.,* 621 F. Supp. 906, 907 (D.D.C. 1985).

### III. DISCUSSION

As a preliminary matter, the parties do not dispute that this action could have been brought in the United States District Court for the Eastern District of Wisconsin.  Accordingly, the Court's analysis is limited to whether private and public interest factors weigh in favor of transfer.

Defendants argue that the Court should transfer this matter to the Eastern District of Wisconsin because of two public interest factors—(1) the local interest in deciding local controversies at home and (2) the transferee court's familiarity with the governing laws. Defendants concede that the third public interest factor—the relative congestions of the transferor and transferee courts is not a significant concern.  *See* Defs.' Mot. at 12.

Defendants also concede that the majority of private interest factors—the parties' convenience, the witnesses' convenience, and ease of access to sources of proof—are inapplicable to this proceeding.  *See id.*[3]  Defendants contend that the remaining private interests—the parties' choice of forums—weigh in favor of transfer because the chosen forum is not Plaintiff's home forum.  *See id.* at 12-14.  In so arguing, Defendants essentially ask that the Court give deference to Defendants' choice of forum.   However, a defendant's choice of forum is "not ordinarily entitled to deference," and the Court sees no special reasons in this case why Defendant's choice of forum should be entitled to such unusual deference.  *See Sheffer v. Novartis Pharm. Corp.*, 873 F. Supp. 2d 371, 376 (D.D.C. 2012).  Accordingly, Defendants have not shown that any private

---

[3] Plaintiff argues that the majority of private interest factors—the parties' convenience, the witnesses' convenience, and ease of access to sources of proof—are not simply "inapplicable," but actually favor against transfer.  *See* Pl.'s Opp'n at 7-9.  Because the Court finds that Defendants have not met their burden of showing that any of the other interests support transfer, it is unnecessary to resolve whether these private interest factors are "inapplicable" or whether they favor against transfer.  In either case, these factors do nothing to help Defendants meet their burden of showing that transfer is warranted in this case.

interest factors weigh in favor of transfer.   Therefore, the Court shall focus its attention on

Defendants' primary arguments, which concern two public interest factors:  (1) whether local

interests weigh in favor of transfer and (2) whether the Eastern District of Wisconsin has any

special familiarity with the governing laws in this case such that transfer is warranted.

> A.   <u>Local Interests Do Not Weigh in Favor of Transfer</u>

Defendants' primary argument is that this case involves claims that are "local in nature

and specific to the state of Wisconsin."  Def.'s Mot. at 8.  Defendants assert that the decision to

disapprove the 2014 Compact Amendment directly impacts the economy of Wisconsin, the local

communities surrounding any potential land sites, such as Kenosha, Wisconsin, other Wisconsin

tribes' interests, and the FCPC's own interests in the State.  *Id.* at 9.[4]

Plaintiff disagrees with Defendants' characterization of the issues at stake in this

litigation.  Plaintiff views this case as presenting "significant questions of national importance."

Pl.'s Opp'n at 14.  Such questions, according to Plaintiff, include:  whether a State may, under

the IGRA, agree in a gaming compact that, in exchange for the tribe continuing to make

payments to the State from its gaming operation, the State will limit the expansion of new off-

reservation casinos in the State.  *Id.* at 15.

The Court agrees with Plaintiff that this case is not a purely "localized controversy."

*Stand Up for California v. U.S. Dep't of the Interior*, 919 F. Supp. 2d 51, 64 (D.D.C. 2013).  The

issues in this case have the potential to bring into question the facts and circumstances under

which the Department of Interior has approved or disapproved compacts and compact

---

[4]  In support of their argument that local interests warrant transfer in this matter, Defendants cite several cases that are either inapposite to the instant facts, or are unpublished opinions that pre-date the January 1, 2007 date allowed by Circuit Rule 32.1.  *See* Defs.' Mot. at 9-11.

amendments in dozens of states.  Pl.'s Opp'n at 15.  In other words, the case has "national

implications" regarding the scope of a State's authority under the IGRA to agree to certain

provisions in gaming compacts.  *Stand Up for California*, 919 F. Supp. 2d at 64.  Where a case

involves such "national implications," the case cannot be considered the type of purely

"localized controversy" that would warrant transfer to the local district court.  *See id.*

Accordingly, the Court concludes that local interests do not weigh in favor of transferring

this case to the Eastern District of Wisconsin.

> B. The Eastern District of Wisconsin Has No Special Familiarity with the Governing
> Laws in this Case that would Warrant Transfer

Defendants also assert that the Court should transfer the case to the Eastern District of

Wisconsin because the court in that district "has familiarity with ISRA disputes and Wisconsin

tribal gaming compacts."  Defs.' Mot. at 11.  However, a review of the docket sheets of the two

lawsuits cited by Defendants confirms that no decision was made on the merits in either case.

*See Menominee Indian Tribe v. Dept. of the Interior*, No. 1:09-cv-496-WCG (E.D. Wis.) and

*Menominee Indian Tribe v. Dept. of the Interior*, No. 1:08-cv-00950-WCG (E.D. Wis.).  Those

two cases have been closed for nearly four years and have no bearing on the factual issues or

legal issues at dispute in this matter.  Defendants' observation that the Eastern District of

Wisconsin has a general familiarity with the parties and the status of tribal gaming in Wisconsin

is not sufficient to conclude that the Eastern District of Wisconsin has "expertise" on any

particular subject matter at issue in this matter.  All of Plaintiff's claims are federal statutory

claims, which, as Defendants concede, this Court is equally able to resolve.  *See* Defs.' Mot. at

11, quoting *Miller v. Insulation Contractors, Inc.*, 608 F. Supp. 2d 97, 103 (D.D.C. 2009) ("[A]ll

federal courts are presumed to be equally familiar with the law governing federal statutory

6

claims[.]").

Furthermore, Defendants concede that second prong of this public interest factor—the pendency of related actions in the transferee's forum—is entirely absent here.  *See* Defs.' Reply at 9.  Defendants concede that there are no pending suits related to this controversy in the Eastern District of Wisconsin.  *Id.*  Defendants attempt to downplay this important point by arguing that "FCPS fails to explain why [the Eastern District of Wisconsin] would not be able to adjudicate this dispute."  *Id.*  In so arguing, Defendants are attempting to flip the burden of persuasion.  The burden is not on Plaintiff to prove that the interests of justice favor keeping the case in this Court.  Rather, the burden is on *Defendants* to prove that the interests of justice favor transfer to the Eastern District of Wisconsin.  *See Int'l Bhd. of Painters & Allied Trades Union,* 621 F. Supp. at 907.  The Court concludes that Defendants have not met that burden in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court shall DENY Defendants' Motion to Transfer Venue. Pursuant to the Court's Minute Order issued on May 20, 2015, Defendants shall file their Answer and a certified index of the administrative record within 10 days of this Memorandum Opinion, by no later than **March 24, 2016**.

An appropriate Order accompanies this Memorandum Opinion.

_/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE