# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOREST COUNTY POTAWATOMI COMMUNITY,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>*Defendants*,<br><br>MENOMINEE INDIAN TRIBE OF WISCONSIN and MENOMINEE KENOSHA GAMING AUTHORITY,<br><br>*Defendant-Intervenors.* | Civil Action No. 15-105 (CKK) |

## MEMORANDUM OPINION AND ORDER
(September 12, 2017)

Plaintiff Forest County Potawatomi Community has brought this action under the Administrative Procedure Act ("APA") against Defendants United States of America, the United States Department of the Interior, the Secretary of the Interior, and the Assistant Secretary of Indian Affairs (collectively, the "Federal Defendants"), challenging the Federal Defendants' decision to disapprove a 2014 amendment to a gaming compact between Plaintiff and the State of Wisconsin (the "2014 Compact Amendment") under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701 *et. seq*, ("IGRA"). The Court has granted the Menominee Indian Tribe of Wisconsin ("Menominee") and the Menominee Kenosha Gaming Authority's (collectively, the "Defendant-Intervenors") Motion for Leave to Intervene as Defendants.

Now before the Court is Defendant-Intervenors' [62] Motion to Complete the Administrative Record and to Exclude Documents from the Administrative Record ("Def.-Ints.'

Mot."), as well as Plaintiff's [63] Motion to Supplement the Administrative Record ("Pl.'s Mot."). Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole, the Court will GRANT-IN-PART and DENY-IN-PART Defendant-Intervenors' motion and DENY Plaintiff's motion. The Court concludes that both parties' arguments for adding documents to the certified administrative record are speculative and insufficient to overcome the presumption that the record has been properly compiled. Additionally, the Court finds that it is appropriate to exclude certain financial records from the administrative record because the Federal Defendants have certified that these records were not considered during the decision making process.

## I. LEGAL STANDARD

The APA directs the Court to "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. This requires the Court to review "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). Courts in this Circuit have "interpreted the 'whole record' to include all documents and materials that the agency directly or indirectly considered . . . [and nothing] more nor less." *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006) (citation omitted). "In other words, the administrative record 'should not include materials that were not considered by agency decisionmakers.'" *Id.* (citation omitted). "[A]bsent clear evidence, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Id.* at 5. "Supplementation of the administrative record is the exception, not the rule." *Id.* (quoting *Motor & Equip. Mfrs. Ass'n, Inc. v. EPA*, 627 F.2d 1095, 1105 (D.C. Cir. 1979)); *see also Franks v. Salazar,* 751 F. Supp. 2d 62, 67 (D.D.C.

2010) ("A court that orders an administrative agency to supplement the record of its decision is a rare bird.") (citation omitted).

Of course, an agency "may not skew the record by excluding unfavorable information but must produce the full record that was before the agency at the time the decision was made." *Blue Ocean Inst. v. Gutierrez,* 503 F. Supp. 2d 366, 369 (D.D.C. 2007). Nor may the agency exclude information from the record simply because it did not "rely" on the excluded information in its final decision. *Maritel, Inc. v. Collins,* 422 F. Supp. 2d 188, 196 (D.D.C. 2006). Rather, "a complete administrative record should include all materials that 'might have influenced the agency's decision[.]'" *Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001).

## II. DISCUSSION

Two motions relating to the administrative record in this matter are currently pending before the Court: (A) Plaintiff's Motion to Supplement the Administrative Record and (B) Defendant-Intervenors' Motion to Complete the Administrative Record and to Exclude Documents from the Administrative Record. The Court will address each separately.

**A. Plaintiff's Motion to Supplement the Administrative Record**

Plaintiff argues in its motion that three categories of documents should be added to the record: (1) records of the Assistant Secretary of Indian Affairs and his representatives' meetings or calls with the State of Wisconsin and Menominee, (2) news articles and other public documents relating to the 2014 Compact Amendment, and (3) certain gaming compacts and compact-related agreements. Plaintiff has not satisfied its burden of showing that any of these documents should be added to the administrative record.

**1. Records of Meetings and Calls with the State and Menominee**

First, Plaintiff argues that the administrative record should be supplemented with records

3

of meetings or calls Plaintiff contends the Federal Defendants may have had with the State of Wisconsin and Menominee, during which Plaintiff speculates that the 2014 Compact Amendment "would have been discussed." Pl.'s Mot. at 9. Plaintiff argues that "there should be written documentation of the meetings and calls." *Id.* at 10.

Plaintiff's argument fails because it is based on little more than assumptions and speculation. Even if the records Plaintiff seeks to add to the administrative record existed—which has not been established—Plaintiff has not provided any evidence that they were considered either directly or indirectly during the decision making process. Although Plaintiff has offered evidence that suggests that meetings and calls between these entities may have occurred, Plaintiff merely speculates about what might have been discussed during those meetings—it has no real evidence that the purported discussions were relevant to or considered during the decision making process for the 2014 Compact Amendment. Federal Defendants have certified that they were not. In its reply brief, Plaintiff argues that "these meetings and calls . . . *necessarily* would have involved discussions of the 2014 Compact Amendment." *See* Reply Mem. in Support of Pl.'s Mot., ECF No. 68, at 4 (emphasis added). But this is precisely the type of speculation that is insufficient to overcome the presumption that an administrative record certified by an agency is properly designated. *See WildEarth Guardians v. Salazar*, 670 F. Supp. 2d 1, 6 (D.D.C. 2009) (denying motion to supplement administrative record because plaintiff could not "provide reasonable, non-speculative grounds demonstrating that the [the document] itself was *considered,* either directly or indirectly, by the Secretary.") (emphasis in original). Plaintiff's motion to supplement the record with records of meetings or calls Federal Defendants may have had with the State of Wisconsin and Menominee will be denied.

### 2. News Reports and Other Public Documents Relating to the 2014 Compact Amendment

Second, Plaintiff argues that the administrative record should be supplemented with news reports and other public documents relating to the 2014 Compact Amendment that Plaintiff contends the Defendants must have been monitoring at the time they were considering the amendment. Pl.'s Mot. at 11.

Again, Plaintiff's argument is speculative and far from sufficient to defeat the presumption of regularity afforded to a certified administrative record. Plaintiff has offered some support for the unsurprising notion that the Federal Defendants were aware of news coverage related to a proposed Kenosha casino and the 2014 Compact Amendment generally, but have presented no evidence that any particular document that is missing from the administrative record was considered either directly or indirectly during the decision making process. Instead, they merely argue that these materials were widely available, were "likely" sent to Federal Defendants, and therefore must have been considered. *Id.* at 12. These types of speculative arguments are insufficient to satisfy Plaintiff's burden. Plaintiff offers no real evidence to rebut the presumption that the administrative record is properly designated without these news reports, and accordingly its motion to supplement the record with them will be denied.

### 3. Other Agreements or Compacts

Finally, Plaintiff argues that the administrative record should be supplemented with four gaming compacts and compact-related agreements that Plaintiff contends were referred to in the Federal Defendants' Disapproval Letter. These include: (1) an Indemnification Agreement between the Ho-Chunk Nation and the State of Wisconsin, (2) a Colorado River Indian Tribes and State of Arizona Class III Gaming Compact and related Federal Register Notice, (3) a Compact between the Seminole Tribe of Florida and the State of Florida and related Federal

Register Notice, and (4) a Tribal-State Gaming Compact between the Wiyot Tribe and the State of California, a related Federal Register Notice and an Approval Letter. Pl.'s Mot. at 18. Plaintiff argues that "[t]he Disapproval Letter specifically relied upon its decisions as to other compacts as grounds for disapproving the 2014 Compact Amendment," pointing to generalized language in that letter that refers to "other instances," "compact amendments between other tribes and the State of Wisconsin," and "other compact amendments." *Id.* at 20. Plaintiff claims that the documents it seeks to add to the administrative record "are some of the compacts that the Assistant Secretary is referencing." *Id.*

Once again, Plaintiff's argument fails because it is based on speculation—Plaintiff has presented no concrete evidence that these documents were considered either directly or indirectly during the decision making process. *See The Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009) (denying motion to supplement administrative record because plaintiffs' arguments were not "enough to overcome the strong presumption that [the agency] properly designated the administrative record, and the plaintiffs have not introduced any concrete evidence that" the documents were before the agency). There is no evidence that any party submitted or cited to these documents during the Federal Defendant's consideration of the 2014 Compact Amendment, and Federal Defendants represent that they "included within the administrative record all compacts, compact-related agreements, and associated federal notices cited in the decision and considered directly or indirectly by the Assistant Secretary." Fed. Defs.' Combined Opp'n to Pl.'s Mot. and Def.-Ints.' Mot., ECF No. 67 ("Defs.' Opp'n"), at 14. Absent evidence that this is not the case, Plaintiff's motion fails.

In sum, the Court will deny Plaintiff's Motion to Supplement the Administrative Record because Plaintiff has failed to demonstrate that any of the categories of documents it claims are

6

missing were actually considered, either directly or indirectly, during the decision making process. Accordingly, the Court also rejects Plaintiff's request that the Court order Federal Defendants to conduct additional searches to find allegedly missing records.

**B. Defendant-Intervenors' Motion to Complete the Administrative Record and to Exclude Documents from the Administrative Record**

Defendant-Intervenors have also moved to modify the administrative record. They first request that two categories of documents be added to the record: (1) documents cited within documents that Defendant-Intervenors submitted to the Federal Defendants when they were considering the 2014 Compact Amendment, and (2) documents related to a settlement agreement in the matter *New York v. Jewell*, 08-cv-00644-LEK-DEP (N.D.N.Y.). Defendant-Intervenors also move to exclude from the administrative record certain financial records that the Federal Defendants have recently agreed to include in the record at the request of Plaintiff.

**1. Documents Cited Within Submitted Documents**

First, Defendant-Intervenors seek to supplement the administrative record with certain documents that were cited or relied upon within documents that Defendant-Intervenors submitted to the Federal Defendants during their consideration of the 2014 Compact Amendment. This category of documents includes (1) the testimony of the Acting Deputy Assistant Secretary for Indian Affairs for Policy and Economic Development before the Senate Committee on Indian Affairs, (2) a letter from the Principal Deputy Assistant Secretary for Indian Affairs to the Governor of New York, (3) a letter from the Assistant Secretary for Indian Affairs to the Governor of Massachusetts, (4) a letter from the Assistant Secretary for Indian Affairs to the Governor of California, (5) a letter to the Chairman of the Federated Indians of Graton Rancheeria from the Acting Assistant Secretary for Indian Affairs, (6) a letter to the Chairperson of the Pinoleville Pomo Nation from the Assistant Secretary for Indian Affairs, and (7) a letter to

7

the Chairman of the Shingle Springs Band of Miwok Indians from the Assistant Secretary for Indian Affairs.

Defendant-Intervenors did not actually submit these documents to the Federal Defendants, nor did they expressly ask the Federal Defendants to consider them. On December 5, 2014, Defendant-Intervenors sent an email to the Federal Defendants attaching a letter from Menominee Chairperson Laurie Boivin, and a legal memorandum drafted by an attorney, John Wilhelmi (the "Wilhelmi Memo"). The letter urged the Assistant Secretary of the Bureau of Indian Affairs to disapprove the compact amendments for several reasons. Def.-Ints.' Mot., Ex. 19. It noted that Ms. Boivin had "included a legal memorandum with this letter, which sets forth a more complete explanation of these reasons." *Id.* at 2. The attached legal memorandum, in turn, referenced some of the documents Defendant-Intervenors now seek to add to the record. Def.-Ints.' Mot., Ex. 3. Both Ms. Boivin's letter and the Wilhelmi Memo were included by the Federal Defendants in the administrative record, but the documents cited *within* the Wilhelmi Memo were not. On December 19, 2014, Defendant-Intervenors sent a second email, again urging the disapproval of the amendment. In that email, Defendant-Intervenors asked the Federal Defendants to consider two legal opinions that had been prepared for and addressed to Ms. Boivin. The attached legal opinions, in turn, cited other documents Defendant-Intervenors now seek to add to the record. Def.-Ints.' Mot., Exs. 4, 5. Again, the legal opinions were included in the administrative record, but the various documents cited *within* those opinions were not.

The Court will not order the record supplemented with the documents cited within Defendant-Intervenors' submissions. The Court agrees with Defendant-Intervenors that the mere fact that they did not themselves physically supply the Federal Defendants with copies of these

documents is not alone a sufficient reason to exclude them from the administrative record. *See Am. Wild Horse Pres. Campaign v. Salazar*, 859 F. Supp. 2d 33, 46 (D.D.C. 2012) (rejecting argument that documents were not properly part of the administrative record simply because plaintiffs did not provide copies of them to the defendant agency). That being said, there is simply no evidence that the Federal Defendants actually considered these referenced documents. Federal Defendants oppose the addition of these documents to the record, and represent that "[t]he Assistant Secretary did not directly or indirectly consider these documents in making his decision." Defs.' Opp'n at 19. Defendant-Intervenors did not request that the Federal Defendants consider these documents. The Court is not persuaded, on the particular facts of this case, that the mere fact that portions of these documents were cited within other documents Defendant-Intervenors did ask Federal Defendants to consider is enough to show that they themselves were considered.[1] Defendant-Intervenors' motion to supplement the record with these documents will therefore be denied.

## 2. Documents Related to the *New York v. Jewell* Settlement Agreement

Second, Defendant-Intervenors seek to supplement the administrative record with certain

---

[1] This case is distinguishable from *Am. Wild Horse Pres. Campaign v. Salazar*, 859 F. Supp. 2d 33 (D.D.C. 2012). In that case, the court found that "exceptional circumstance[s]" justified adding documents to the administrative record because those documents were cited, quoted and relied on extensively in plaintiffs' comments opposing the defendant-agency's action, and plaintiffs expressly asked the defendant-agency to consider the documents. *Id.* at 43. Plaintiffs in that case also, "less than two hours after the comment period ended, attempted to submit the [documents] to the agency." *Id.* at 45. The court found that supplementation was warranted because, among other things, plaintiffs had "requested that [the agency] examine" the documents and "specifically directed the agency to" them. *Id.* The Court concurs with the analysis in *Am. Wild Horse Pres.*, but the exceptional facts that supported supplementation in that case are missing here. Here, Defendant-Intervenors seek to add documents to the administrative record based on the mere fact that they were cited within memorandums attached to Defendant-Intervenors' submissions. They did not expressly ask Federal Defendants to consider these other documents or attempt to submit them to Federal Defendants. The "exceptional circumstances" present in *Am. Wild Horse Pres.* are simply absent here.

9

documents related to a settlement agreement in the matter *New York v. Jewell*, 08-cv-00644-LEK-DEP (N.D.N.Y.) and the United States' position on that settlement—issues Defendant-Intervenors discussed in their submission to the Federal Defendants. Defendant-Intervenors argue that these documents "are necessary to a complete and accurate understanding of the actual terms of the final settlement, and the United States' position with regard to the settlement," and that "[t]hese documents were in the possession of the Department and must have been considered directly or indirectly to the extent the settlement itself was considered by the Department at all." Def.-Ints.' Mot. at 14. This category of records contains two documents from the *Jewell* matter: (1) a letter motion from Michael R. Smith for Oneida Nation of New York requesting approval of a stipulation of dismissal and (2) a Memorandum Decision and Order.

Again, the Court finds that Defendant-Intervenors have not overcome the "strong presumption" that the Federal Defendants properly compiled the administrative record. *Pac. Shores*, 448 F. Supp. 2d at 5. Federal Defendants oppose the addition of these documents to the administrative record because they were not considered during the decision making process. Defs.'s Opp'n at 21. In response, Defendant-Intervenors merely argue that these documents "must have been considered," because Federal Defendants "would have known of the impact" of these documents. *See* Def.-Ints.' Reply to Fed. Defs.' Opp'n, ECF No. 70, at 5-6. These speculative arguments are insufficient to satisfy Defendant-Intervenors' burden to justify supplementing the record. As such, Defendant-Intervenors' motion to supplement the record with these documents will be denied.

3. **Financial Reports that Federal Defendants Agreed to Add to the Record at the Request of Plaintiff**

Finally, Defendant-Intervenors seek to exclude from the administrative record two financial reports that the Federal Defendants have recently agreed to add to the record at the

10

request of Plaintiff.  Defendant-Intervenors argue that "[t]here is no indication that the two documents . . . were actually before the Federal Defendants when they considered the 2014 Amendment."  Def.-Ints.' Mot. at 17-18.  Plaintiff opposes this motion and argues that Defendant-Intervenors have not shown clear evidence that the records were *not* considered by the Federal Defendants, which Plaintiff contends is Defendant-Intervenors' burden.  *See* Pl.'s Opp'n to Def.-Ints.' Mot., ECF No. 65, at 4.  Federal Defendants do not oppose the exclusion of these documents from the record.  Defs.' Opp'n at 16 n.4.

The parties' dispute fundamentally boils down to a debate over who has the burden of proof in the unusual instance where a government agency agreed during negotiations to add documents to a previously-compiled administrative record, but has not actually certified one way or the other whether the documents genuinely *should* be in the record—*i.e.*, whether they were *actually* considered during the decision making process.  This debate has now been rendered academic, because the Federal Defendants have filed a certification with the Court stating that the financial records at issue are not properly part of the administrative record because "[n]either document . . . was considered by the Department, either directly or indirectly, during the decision making process."  *See* Notice of Filing Suppl. Certification of Administrative Record, ECF No. 74.  In light of this certification, the strong presumption is that the administrative record is complete *without* these financial records.  For many of the same reasons that the Court has rejected all of the parties' other arguments in favor of modifying the administrative record, which the Court will not restate here, the Court finds that a sufficient showing has not been made to rebut this presumption.  Accordingly, Defendant-Intervenors' motion to exclude these documents will be granted.  These documents shall not be made part of the administrative record.

## III. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's [63] Motion to Supplement the Administrative Record is **DENIED**. It is further

**ORDERED** that Defendant-Intervenors' [62] Motion to Complete the Administrative Record and to Exclude Documents from the Administrative Record is **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendant-Intervenors' motion is denied to the extent they sought to add documents to the administrative record, but granted to the extent they sought to exclude the recently-added financial records. It is further

**ORDERED** that the parties shall file a Joint Status Report by no later than September 26, 2017, indicating how they propose to proceed in this matter and, if appropriate, proposing a schedule for the briefing of dispositive motions.

**SO ORDERED.**

Date: September 12, 2017

\_\_\_/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge